UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENTA HAWKINS,

   Plaintiff,

Case No.

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS,

   Defendant.

_____/
Mark A. Linton (P66503)
Attorney for Plaintiff
4779 Woodland Rd.
Jackson, MI 49203
(517) 449-9356
_____/

There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

**VERIFIED COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff, KENTA HAWKINS, by and through her attorney, MARK A. LINTON, and for her Verified Complaint and Jury Demand against Defendant, MICHIGAN DEPARTMENT OF CORRECTIONS, states the following:

**JURISDICTION AND VENUE**

1. This is an action for workplace discrimination and harassment based upon the protected classes of disability, race, and national origin, including claims for hostile work environment, brought pursuant to Title I of the Americans with Disabilities Act of 1990 ("Title I"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and pursuant to the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.* ("ELCRA"), the Persons

1

with Disabilities Civil Rights Act (PDCRA), MCL 37.1101 *et seq.*, and common law of the State of Michigan.

2. Plaintiff, Kenta Hawkins, is an adult resident of the State of Michigan who currently resides at 714 Natures Cove Court, Wixom, Oakland County, Michigan.

3. Defendant, Michigan Department of Corrections, is a principal department of state government duly authorized to conduct business throughout the State of Michigan, is responsible for the administration of Michigan's prison system and related parole and probation population, and has its principal business headquarters located in Ingham County, Michigan.

4. At all times relevant to this matter, Plaintiff was employed by Defendant as a Correctional Officer and Shift Supervisor.

5. This action involves claims, which relate to the alleged violations of federal civil rights statutes and Plaintiff seeks legal and equitable relief, which is within the exclusive jurisdiction of this Court. As such, subject matter jurisdiction is proper under 28 U.S.C. § 1331.

6. Venue properly rests in this Court.

**FACTUAL ALLEGATIONS**

7. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

8. Plaintiff, Kenta Hawkins, started her career with the Michigan Department of Corrections (hereafter "MDOC") in August of 2002, as a Correctional Officer. In August of 2005, Plaintiff was promoted to Correctional Sergeant/Shift Supervisor.

9. From June 2017 to June 2019, Plaintiff worked at the Ryan Reentry Center (Correctional Facility) located in Detroit, Wayne County, Michigan as Correctional Sergeant/Shift Supervisor.

10. In her capacity as Correctional Sergeant/Shift Supervisor, Plaintiff's job duties included the supervision of Correctional Officers, the exercise of independent judgment in making decisions requiring interpretation and application of departmental guidelines to specific situations concerning the detection of unusual or prohibited behavior which might be a threat to the security of the facility or the safety of prisoners, detainees, employees, or visitors, and responding quickly to calls for assistance in other areas of the prison or facility (among other activities).

11. At all times relevant, Plaintiff performed her job duties as Correctional Sergeant/Shift Supervisor in an exemplary manner while treating her coworkers, supervisors, other staff members, and inmates with professionalism and dignity.

12. Moreover, in Plaintiff's capacity as Correctional Sergeant/Shift Supervisor for MDOC, Plaintiff received numerous compliments and consistent praise from her work peers and supervisors, and her work performance was always satisfactory or above.

13. Beginning in September 2017, Defendant, under the leadership of Forrest Dotson in his capacity as MDOC Lieutenant, began harassing Plaintiff in the workplace and treating her poorly on the job.

14. For example, after Plaintiff informed Lieutenant Dotson of her physical disability of spinal stenosis that limits her ability to walk, run 100 feet, and climb 25 steps without having severe pain and spasms, Dotson would routinely assign her to work as an officer on a nightly basis and have Plaintiff repetitively walk up and down stairs even though

3

there were correctional officers available to perform their job duties. The repetitive walking and climbing of stairs caused Plaintiff's spinal stenosis to worsen and her pelvis to tilt.

15. Further, during the wee hours of the morning on September 6, 2017, Lieutenant Dotson called Plaintiff to the supervisor's office and informed her that MDOC Captain Tommy Snipes had informed Dotson that Plaintiff filed a sexual harassment complaint against him, and that this complaint like all the others would be thrown out.

16. Moreover, at that time Lieutenant Dotson told Plaintiff in a derogatory tone, "If I told you to suck my dick no one would believe you."

17. Further, at that time Lieutenant Dotson told Plaintiff, "You're a woman, black and old, no one wants your disabled ass here" and that "No one trusts you, you're a liar a thief and I will keep my staff at ready against you, you will not be working here long."

18. On or about September 6, 2017, Plaintiff sent an email to Captain Snipes asking him to call her she had been ambushed by Lieutenant Dotson.

19. Further, on or about September 6, 2017, Plaintiff informed Captain Snipes by telephone in great detail what had happened on the night shift; Snipes responded that there was nothing he could do.

20. On or about September 7, 2017, Plaintiff also reported the incident in writing to Captain Tommy Snipes and Deputy Warden Noah Nagy.

21. In March of 2018, Plaintiff received an email from Captain Snipes, Warden Kenneth Romanowski included, placing her back under the supervision of Lieutenant Dotson.

22. On or about May 14, 2018, Plaintiff received a (7) seven day suspension settlement offer for reporting the harassment in which she declined.

23. In June 2018, Defendant issued Plaintiff a ten (10) day suspension on record for reporting the harassment via email.

24. Further, in June 2018, Appellant applied for a work accommodation in writing with Defendant's disability accommodation coordinator Joanne Bridgford.

25. On about June 18, 2018, Plaintiff was granted an accommodation of extended medical leave, in which she was informed to apply for vacant positions on the state website that meets her physical disability before her accommodation extension expired on October 1, 2018, or she would have to sign a Waives Rights Leave of Absence (voluntary quit her job).

26. On August 13, 2018, Plaintiff applied for the vacant Corrections Program Coordinator (sit- down job) on the state website, which was a position located at her facility (the Ryan Reentry Center).

27. On August 14, 2018, Plaintiff notified Accommodation Coordinator Joanne Bridgford, along with Alfreda Jones-Roby and Disability Management Supervisor Daniel Hengesbach, that she had applied for the vacant Corrections Program Coordinator position.

28. In October of 2018, Plaintiff reported the continued retaliation, disability discrimination, and sexual harassment she faced in the workplace to MDOC management.

29. Shortly thereafter, Lieutenant Dotson and his partner, Lieutenant James McAllister, retaliated against Plaintiff and wrote her up on three (3) alleged insubordination charges.

30. Defendant subsequently destroyed evidence and relevant video footage that Plaintiff requested to be preserved on or about October 29, 2018.

31. On or about November 30, 2018, Lori Fouty of Human Resources informed Plaintiff that the vacant Correction Program Coordinator position had been filled with a transfer, whom Plaintiff believes is not disabled.

32. In January 2019, Plaintiff submitted several medical documents supporting her request for reasonable disability accommodations to Defendant, requesting to be placed in several vacant Sergeant positions on day shift or a transfer from Sergeant to the vacant Correction Classification Coordinator position that Defendant had filled with a person whom Plaintiff believes is not disabled.

33. Joanne Bridgford, the MDOC's Equal Employment Opportunity Administrator, reviewed an accommodation request submitted by Plaintiff and determined that Kenta Hawkins could not perform the essential duties of her position, even though she had received notification from Plaintiff's physician that she could in fact perform her essential job duties.

34. On January 3, 2019, Bridgford removed Hawkins from work, informed (Vidal Lupe) Disability Management Unit supervisor and Ryan Human Resources supervisor, Lori Fouty not to allow Plaintiff to work after her physician had cleared her to return to work.

35. On about January 5, 2019 Plaintiff reported to work and was sent home by Lieutenant Kerria Walton.

36. Per the Defendant's policy directive 02.06.11 Employee Screening, page 6 of 6, LL, Current Employees Fitness for Duty Medical screenings and evaluation may be performed when an employee's fitness for duty becomes questionable. Theses screenings

6

and evaluation may include physical or psychological/psychiatric examinations or other appropriate medical screening.

37. If Defendant representatives Bridgford, Lupe and Fouty believed Plaintiff couldn't perform her essential job duties, they should have sent her to one of their doctors for medical screening instead of removing her from work on January 3, 2019 and terminating her on January 12, 2019.

38. On January 28, 2019, Plaintiff was hospitalized for a medical condition and the admissions department notified Plaintiff that her medical insurance was inactive. Plaintiff contacted the state benefits division whom informed her that as of January 12, 2019, Plaintiff was no longer a state employee.

39. Plaintiff was wrongfully discharged without a hearing and proper notice of termination, resulting in her losing medical, disability, dental, vision and fringe benefits.

40. On or about February 1, 2019, Defendant retuned Plaintiff back to work so that they could manufacture and charge her with falsification of a medical accommodation form and three charges of Insubordination to cover up the retaliation and disability discrimination.

41. On or about February 1, 2019, MDOC disability representative Vidal Lupe informed Plaintiff that she could return to work at the Ryan Reentry Center.  However, MDOC human resources representative Lori Fouty subsequently instructed Plaintiff not to report work, as Plaintiff was being placed on suspension.

42. Plaintiff remained off work without Medical, Dental and Vision coverage for some 74 calendar days due to the Defendant wrongfully removing her from work on January 3, 2019, and subsequently terminating her on two separate occasions (January 12, 2019 and

7

April 11, 2019), causing Plaintiff to lose her LTD benefits that would have supplemented her work income.

43. On or about February 28, 2019, Plaintiff filed a complaint with the Michigan Department of Civil Rights regarding Defendant's conduct as outlined above.

44. On or about March 20, 2019, the Department of Civil Rights notified Defendant of the complaint.

45. On or about April 11, 2019, Defendant's disability manager, Sharon St. Charles, wrongfully discharged Plaintiff a second time from state service after Defendant received the Civil Rights Complaint.

46. On or about April 22, 2019, Defendant's human resource supervisor, Lori Fouty, informed Plaintiff that MDOC was working to reinstate Plaintiff's health insurance.

47. In June of 2019, Plaintiff was wrongfully discharged for a third time for purportedly falsifying a medical document and several further alleged acts of insubordination.

48. Thereafter, Plaintiff exhausted her administrative remedies by appealing Defendant's decision to terminate Plaintiff to the Michigan Civil Service Commission.

49. Specifically, in Reference Number 2019-00283, Plaintiff appealed her June 2019 discharge for allegedly falsifying a medical document and three alleged acts of insubordination in violation of several work rules.

50. Further, in Reference Numbers 2019-00178 and 2019-00120, Plaintiff appealed the MDOC's denial of compensation for the period in which Plaintiff was suspended pending an investigation.

51. During the time Plaintiff worked for the Michigan Department of Corrections, Defendant treated other employees and staff members whom are members of a different race and national origin than Plaintiff, and whom are not part of a protected class under state and federal anti-discrimination laws, differently than Plaintiff.

52. Defendant's conduct and actions as outlined herein are a clear violation of MDOC's internal "zero tolerance" harassment/discrimination policies, as Defendant knew about the harassment and disparate treatment outlined above and did not take sufficient action to remedy the situation.

53. At all times relevant, Plaintiff was an employee within the meaning of Title I of the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, and under both the Michigan Elliott-Larsen Civil Rights Act and Persons with Disabilities Civil Rights Act.

54. Defendant, MDOC, is liable and qualifies as an employer and agent under Title I of the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, and under both the Michigan Elliott-Larsen Civil Rights Act and Persons with Disabilities Civil Rights Act.

## COUNT I – RACE DISCRIMINATION

55. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

56. Plaintiff's race is a significant factor in how she was treated while working as a Corrections Officer and Shift Supervisor for the Michigan Department of Corrections.

57. Had Plaintiff been of a different race, she would have been treated differently by the Michigan Department of Corrections during the time period in which she had worked there.

58. Had Plaintiff been of a different race, she would not have been removed from Defendant's staff.

59. Defendant, Michigan Department of Corrections, through its authorized agents, representatives, and employees, including but not limited to JoAnne Bridgford, Vidal Lupe, Lori Fouty, Forest Dotson, Jennifer Nanasy, Sharon St. Charles, Tommy Snipes, James McAllister and Kenneth Romanowski, were predisposed to discriminate on the basis of race and acted in accordance with that predisposition.

60. Defendant, Michigan Department of Corrections, through its authorized agents, representatives, and employees, including but not limited to JoAnne Bridgford, Vidal Lupe, Lori Fouty, Forest Dotson, Jennifer Nanasy, Sharon St. Charles, Tommy Snipes, James McAllister and Kenneth Romanowski, treated Plaintiff differently from similarly situated employees and contractors of a different race in the terms and conditions of employment, based upon the unlawful consideration of race.

61. Defendant's actions were intentional in disregard for Kenta Hawkins' rights and sensibilities.

62. As a direct and proximate result of Defendant's unlawful actions in violation of Title VII and the ELCRA, Plaintiff has sustained injuries and damages including, but not limited to, loss of earnings and earning capacity, loss of additional career opportunities, humiliation and embarrassment, mental and emotional distress including, but not limited to PTSD, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice.

WHEREFORE, Plaintiff, KENTA HAWKINS, respectfully requests that this Honorable Court grant a Judgment in favor of Plaintiff and against Defendant, MICHIGAN DEPARTMENT OF CORRECTIONS, as follows:

A) Legal Relief

1) Compensatory damages to which Plaintiff is found to be entitled;

2) Liquidated damages in whatever amount Plaintiff is found to be entitled; and

3) An award of interest, court costs, expert witness fees, and reasonable attorney fees.

B) Equitable Relief

1) An order directing Defendant to immediately reinstate Plaintiff to her position at the Michigan Department of Corrections;

2) An injunction prohibiting any further acts of wrongdoing, discrimination, or retaliation; and

3) Whatever other equitable relief appears appropriate at the time of final judgment.

## COUNT II – NATIONAL ORIGIN DISCRIMINATION

63. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

64. Plaintiff's national origin is a significant factor in how she was treated while working as a Corrections Officer and Shift Supervisor at Michigan Department of Corrections.

65. Had Plaintiff been of a different national origin, she would have been treated differently by the Michigan Department of Corrections during the time period in which she had worked there.

66. Defendant, Michigan Department of Corrections, through its authorized agents, representatives, and employees, including but not limited to JoAnne Bridgford, Vidal Lupe, Lori Fouty, Forest Dotson, Jennifer Nanasy, Sharon St. Charles, Tommy Snipes, James McAllister and Kenneth Romanowski, were predisposed to discriminate on the basis of national origin and acted in accordance with that predisposition.

67. Defendant, Michigan Department of Corrections, through its authorized agents, representatives, and employees, including but not limited to JoAnne Bridgford, Vidal Lupe, Lori Fouty, Forest Dotson, Jennifer Nanasy, Sharon St. Charles, Tommy Snipes, James McAllister and Kenneth Romanowski, treated Plaintiff differently from similarly situated employees and contractors of a different national origin in the terms and conditions of employment, based upon the unlawful consideration of national origin.

68. Defendant's actions were intentional in disregard for Kenta Hawkins' rights and sensibilities.

69. As a direct and proximate result of Defendant's unlawful actions in violation of Title VII and the ELCRA, Plaintiff has sustained injuries and damages including, but not limited to, loss of earnings and earning capacity, loss of career opportunities, humiliation and embarrassment, mental and emotional distress including, but not limited to PTSD, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice.

WHEREFORE, Plaintiff, KENTA HAWKINS, respectfully requests that this Honorable Court grant a Judgment in favor of Plaintiff and against Defendant, MICHIGAN DEPARTMENT OF CORRECTIONS, as follows:

A) Legal Relief

    1) Compensatory damages to which Plaintiff is found to be entitled;

    2) Liquidated damages in whatever amount Plaintiff is found to be entitled; and

    3) An award of interest, court costs, expert witness fees, and reasonable attorney fees.

B) Equitable Relief

    1) An order directing Defendant to immediately reinstate Plaintiff to her position at the Michigan Department of Corrections;

    2) An injunction prohibiting any further acts of wrongdoing, discrimination, or retaliation; and

    3) Whatever other equitable relief appears appropriate at the time of final judgment.

### COUNT III – HOSTILE WORK ENVIRONMENT

70. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

71. Throughout the period of her employment with the Michigan Department of Corrections, Plaintiff belonged to a protected group of individuals under the ELCRA.

72. Plaintiff was subjected to communication and conduct on the basis of the protected status.

73. Plaintiff was subjected to unwelcome communication and conduct on the basis of the protected status.

74. The unwelcome communication and conduct was intended to, or in fact did, interfere substantially with Plaintiff's employment or created an intimidating, hostile, and offensive work environment.

75. The unwelcome communication and conduct took place within the scope of employment and Defendant, Michigan Department of Corrections, is liable for the actions of its

authorized agents, representatives, and employees, including but not limited to JoAnne Bridgford, Vidal Lupe, Lori Fouty, Forest Dotson, Jennifer Nanasy, Sharon St. Charles, Tommy Snipes, James McAllister and Kenneth Romanowski, under the doctrine of *respondeat superior*.

76. As a direct and proximate result of the Michigan Department of Corrections' unlawful actions in creating, promoting, and maintaining a hostile work environment in violation of the ELCRA, Plaintiff has sustained injuries and damages including, but not limited to, loss of earnings and earning capacity, loss of career opportunities, humiliation and embarrassment, mental and emotional distress including, but not limited to PTSD, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice.

WHEREFORE, Plaintiff, KENTA HAWKINS, respectfully requests that this Honorable Court grant a Judgment in favor of Plaintiff and against Defendant, MICHIGAN DEPARTMENT OF CORRECTIONS, as follows:

A) Legal Relief

1) Compensatory damages to which Plaintiff is found to be entitled;

2) Liquidated damages in whatever amount Plaintiff is found to be entitled; and

3) An award of interest, court costs, expert witness fees, and reasonable attorney fees.

B) Equitable Relief

1) An order directing Defendant to immediately reinstate Plaintiff to her position at the Michigan Department of Corrections;

2) An injunction prohibiting any further acts of wrongdoing, discrimination, or retaliation; and

    3) Whatever other equitable relief appears appropriate at the time of final judgment.

### COUNT IV – RETALIATION

77. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

78. Defendant, Michigan Department of Corrections, has retaliated against Plaintiff for having complained about Defendant's discriminatory employment practices described above, in violation of Title VII and the ELCRA.

79. Defendant's actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

80. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained loss of earnings, earning capacity, loss of further work opportunities, and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

WHEREFORE, Plaintiff, KENTA HAWKINS, respectfully requests that this Honorable Court grant a Judgment in favor of Plaintiff and against Defendant, MICHIGAN DEPARTMENT OF CORRECTIONS, as follows:

    A) Legal Relief

        1) Compensatory damages to which Plaintiff is found to be entitled;

        2) Liquidated damages in whatever amount Plaintiff is found to be entitled; and

        3) An award of interest, court costs, expert witness fees, and reasonable attorney fees.

  B) Equitable Relief

    1) An order directing Defendant to immediately reinstate Plaintiff to her position at the Michigan Department of Corrections;

    2) An injunction prohibiting any further acts of wrongdoing, discrimination, or retaliation; and

    3) Whatever other equitable relief appears appropriate at the time of final judgment.

### COUNT V – NEGLIGENT INFLICTION OF MENTAL DISTRESS

81. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

82. The conduct of Defendant, through its authorized agents and representatives as described above, would naturally and probably result in emotional distress.

83. Defendant had knowledge regarding the conduct of its authorized agents and representatives as described herein and did not take reasonable action to remedy said conduct.

84. Defendant's negligence has proximately caused severe emotional distress to Plaintiff.

85. The emotional distress suffered by Plaintiff has physically manifested itself in symptoms including, but not limited to:

  a) Severe anxiety including PTSD;
  b) Sleeplessness;
  c) Headaches;
  d) Nausea;
  e) Nightmares;
  f) Cold sweats;
  g) Loss of appetite; and
  h) Such other injuries and physical manifestations as may appear during the course of discovery and trial in this matter.

WHEREFORE, Plaintiff, KENTA HAWKINS, respectfully requests that this Honorable Court grant a Judgment in favor of Plaintiff and against Defendant, MICHIGAN DEPARTMENT OF CORRECTIONS, an amount to which she is found to be entitled, together with court costs, interest, and attorney fees, and any other relief this Court deems just and equitable.

### COUNT VI – DISCRIMINATION ON ACCOUNT OF DISABILITY

86. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

87. Plaintiff's physical disability was a significant factor in how she was treated while working as a Corrections Officer and Shift Supervisor for the Michigan Department of Corrections.

88. Had Plaintiff not had a physical disability, she would have been treated differently by the Michigan Department of Corrections during the time period in which she had worked there.

89. Had Plaintiff not had a physical disability, she would not have been removed from Defendant's staff.

90. Defendant, Michigan Department of Corrections, through its authorized agents, representatives, and employees, including but not limited to JoAnne Bridgford, Vidal Lupe, Lori Fouty, Forest Dotson, Jennifer Nanasy, Sharon St. Charles, Tommy Snipes, James McAllister and Kenneth Romanowski, were predisposed to discriminate on the basis of disability and acted in accordance with that predisposition.

91. Title I, as well as the Persons with Disabilities Civil Rights Act (PDCRA), prohibits discrimination against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

92. Defendant, Michigan Department of Corrections, through its authorized agents, representatives, and employees, including but not limited to JoAnne Bridgford, Vidal Lupe, Lori Fouty, Forest Dotson, Jennifer Nanasy, Sharon St. Charles, Tommy Snipes, James McAllister and Kenneth Romanowski, treated Plaintiff differently from similarly situated employees and contractors without disabilities in the terms and conditions of employment, based upon the unlawful consideration of disability.

93. Defendant's actions were intentional in disregard for Kenta Hawkins' rights and sensibilities.

94. As a direct and proximate result of Defendant's unlawful actions in violation of Title I and the PDCRA, Plaintiff has sustained injuries and damages including, but not limited to, loss of earnings and earning capacity, loss of additional career opportunities, humiliation and embarrassment, mental and emotional distress, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice.

WHEREFORE, Plaintiff, KENTA HAWKINS, respectfully requests that this Honorable Court grant a Judgment in favor of Plaintiff and against Defendant, MICHIGAN DEPARTMENT OF CORRECTIONS, as follows:

A) Legal Relief

1) Compensatory damages to which Plaintiff is found to be entitled;

2) Liquidated damages in whatever amount Plaintiff is found to be entitled; and

3) An award of interest, court costs, expert witness fees, and reasonable attorney fees.

B) Equitable Relief

1) An order directing Defendant to immediately reinstate Plaintiff to her position at Michigan Department of Corrections;

2) An injunction prohibiting any further acts of wrongdoing, discrimination, or retaliation; and

3) Whatever other equitable relief appears appropriate at the time of final judgment.

**I declare that the statements above are true to the best of my information, knowledge, and belief.**

*[signature]*

KENTA HAWKINS

Acknowledged by
__Kristin Linton__
before me on the 21st day of April 2020.

*[signature]*
Notary Public

KRISTIN LINTON
Notary Public - State of Michigan
County of Jackson
My Commission Expires Jun 7, 2025
Acting in the County of __Jackson__

*Notarized using electronic/remote technology*

Dated: April 20, 2020

Respectfully submitted,

/s/ Mark A. Linton
Mark A. Linton (P66503)
Attorney for Plaintiff

## JURY DEMAND

Plaintiff, KENTA HAWKINS, hereby demands a jury trial in this matter pursuant to Fed. R. Civ. P. 38(b).

Dated: April 20, 2020                              Respectfully submitted,

/s/ Mark A. Linton
Mark A. Linton (P66503)
Attorney for Plaintiff