UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Kenta Hawkins,

          Plaintiff,      Case No. 20-cv-10990

v.                              Judith E. Levy
                               United States District Judge

Michigan Department of
Corrections,                  Mag. Judge R. Steven Whalen

         Defendant.

_____/

**ORDER DENYING PLAINTIFF'S "MOTION FOR PAUPER STATUS" [84-1], "EMERGENCY MOTION FOR COSTS *IN FORMA PAUPERIS*" [89], AND "APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS ON APPEAL" [94]**

On January 24, 2023, the Court issued an opinion and order granting Defendant Michigan Department of Corrections' motion for summary judgment. (ECF No. 82.) On January 31, 2023, *pro se* Plaintiff Kenta Hawkins filed a notice of appeal of this order. (ECF No. 84.) She attached a "motion for pauper status" to the notice of appeal. (ECF No. 84-1.) On February 13, 2023, Plaintiff filed an "emergency motion for costs *in forma pauperis*." (ECF No. 89.) On February 15, 2023, Plaintiff

filed an "application to proceed without prepaying fees or costs on appeal." (ECF No. 94.)

"A non-prisoner seeking to proceed on appeal without paying the filing fee in the court of appeals must comply with the requirements of Federal Rule of Appellate Procedure 24(a)." *Hammond v. City of Troy*, No. 15-12051, 2015 WL 12990679, at *1 (E.D. Mich. Dec. 21, 2015) (citing *Callihan v. Schneider*, 178 F.3d 800 (6th Cir. 1999)). Under Federal Rule of Appellate Procedure 24(a)(1), "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court."[1] Fed. R. App. P. 24(a)(1). "If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs . . . ." Fed. R. App. P. 24(a)(2).

"The question for the district court is whether the appeal as a whole . . . is taken in good faith." 16AA Charles Alan Wright *et al.*,

---

[1] "A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization . . . ." Fed. R. App. P. 24(a)(3). Plaintiff states that she "originally pursued [her] complaint in forma pauperis status in the State Court Third Circuit Case No. 21-006697-CD, therefore she would like to continue in forma pauperis." (ECF No. 89, PageID.2405.) But that was a different case in a different court. When Plaintiff filed her complaint in the case before this Court, she paid the filing fee. (*See* ECF No. 1.) Thus, she cannot "proceed on appeal in forma pauperis without further authorization." Fed. R. App. P. 24(a)(3).

2

Federal Practice & Procedure Jurisdiction § 3970.1 (5th ed. 2022). "The 'good faith' standard demands an objective inquiry that asks whether the party is seeking review of an issue that is 'not frivolous.'" *Hammond*, 2015 WL 12990679, at *1 (E.D. Mich. Dec. 21, 2015) (quoting *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). "An appeal is 'frivolous' when 'it lacks an arguable basis in law.'" *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). "If Plaintiff's underlying legal theories are 'indisputably meritless,' then his appeal is not taken in good faith." *Id.* (quoting *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008)).

Even if Plaintiff meets the financial requirements to proceed *in forma pauperis*, her appeal is not taken in good faith. In the motion attached to her notice of appeal (ECF No. 84-1), Plaintiff presents five grounds for appeal:

> 1. The Judge denied Plaintiff Equal protection under the consitution and Michigan Law commited a clear error of judgment. ECF No. 82
> 2. The Judge commited a clear legal error of law,
> 3. volated Plaintiff contitutional rights
> 4. evidence in the case did not support the verdict, Fraud was committed upon the court.
> 5. ineffective counsel.

3

(*Id.* at PageID.2336 (errors in original).) In her "application to proceed without prepaying fees or costs on appeal," Plaintiff provides five overlapping grounds for appeal:

1. My issues on appeal are: ECF No. 82, summary dismissal of Plaintiff case, the evidence in the case did not support the court verdict of dismissal.
2. The court made a clear error of law in doing so violated plaintiff constitutional rights.
3. The defendants counsel knowingly committed fraud upon the court against Plaintiff.
4. Ineffective counsel.
5. Violation of statute Mich Federal + State Law.

(ECF No. 94, PageID.2475 (errors in original).) Plaintiff does not include any grounds for appeal in her "emergency motion for costs *in forma pauperis*." (ECF No. 89.)

Plaintiff presents no "arguable basis either in law or in fact," *Hamade v. Comm'r of Soc. Sec.*, No. 2:20-CV-11363-TGB-PTM, 2021 WL 9682243, at *1 (E.D. Mich. Oct. 27, 2021) for her assertions that the Court violated Plaintiff's constitutional rights or any federal or Michigan statutes, or that defense counsel knowingly committed fraud

4

upon the Court.² She also does not explain "what parts of the Court's Order [she] believes may be in error." *Id.*

Accordingly, the Court CERTIFIES that Plaintiff's appeal is not taken in good faith under Federal Rule of Appellate Procedure 24(a). Because Plaintiff's appeal is not taken in good faith, her "motion for pauper status" (ECF No. 84-1), her emergency motion for costs *in forma pauperis*" (ECF No. 89), and her "application to proceed without prepaying fees or costs on appeal" (ECF No. 94) are DENIED.

Plaintiff may file a motion to proceed on appeal in forma pauperis in the Court of Appeals within thirty days after service of this Order. *See* Fed. R. App. P. 24(a)(5); *United States v. Miller*, No. 08-11499, 2009 WL 10750989, at *2 (E.D. Mich. Sept. 17, 2009).

IT IS SO ORDERED.

Dated: April 6, 2023         s/Judith E. Levy
    Ann Arbor, Michigan       JUDITH E. LEVY
                                     United States District Judge

---

² Plaintiff also indicates that she had "[i]neffective counsel," (ECF No. 94, PageID.2475), but she is self-represented.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 6, 2023.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
